UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>c/o United States Attorney's Office<br>Judiciary Center Building<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br><br>          Plaintiff,<br><br>    v.<br><br>ONE HUNDRED FIFTY-NINE THOUSAND<br>AND FORTY DOLLARS ($159,040.00) IN<br>UNITED STATES CURRENCY,<br><br>        and<br><br>ONE 2002 BMW 745 LI SEDAN,<br>VIN: WBAGN63452DR02119,<br><br>          Defendants. | Civil Action No. 05- |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully pleads as follows:

1. This is a civil action, *in rem*, brought to enforce 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any real or personal property that is involved in a money laundering offense in violation of 18 U.S.C. §§ 1956, 1957 and/or 1960.  This action is also brought to enforce 18 U.S.C. § 981(a)(1)(C) which provides for the forfeiture of any real or personal property that constitutes or is derived from proceeds traceable to, among other offenses, any offense that is a "specified unlawful activity" of the federal anti-money laundering statutes.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and

1355(a). Venue is established by virtue of 28 U.S.C. §§ 1355(b) and 1395.

    3. The defendant properties are more fully described as:

        a) one hundred fifty-nine thousand and forty dollars ($159,040.00) in United States currency seized from a vehicle being operated by Duane McKinney near the intersection of Route 50 and Washington Boulevard in Arlington, Virginia on June 10, 2005; and

        b) a 2002 BMW 745 LI sedan, VIN: WBAGN63452DR02119.

    4. The defendant properties are subject to forfeiture because, as set forth below, they were involved in money laundering and/or constitute proceeds or are traceable to a scheme to defraud, and that, as part of that scheme, involved the interstate transportation of individuals and forged securities (deeds) and the use of wire transmissions.

## BASES FOR SEIZURE AND FORFEITURE

    5. On June 10, 2005, an Arlington County police officer traveling on Washington Boulevard in the vicinity of Route 50 stopped to assist a motorist whose vehicle was on the side of the road. The officer determined that Duane McKinney ("McKinney") was the operator of the vehicle. The officer discovered that an outstanding warrant for McKinney's arrest existed. McKinney was arrested and transported to a local police station for booking.

    6. The vehicle that McKinney had been operating, a 2002 BMW 745 LI sedan, was taken into custody and an inventory search was conducted. During the course of that search, officers found one hundred fifty-nine thousand and forty dollars ($159,040.00) in United States currency in a duffel bag inside the trunk of the car.

    7. McKinney agreed to speak to law enforcement officers. He told them that he was the president of a non-profit organization named Brotherhood of Men, Inc. The Brotherhood of

Men, Inc. is registered as a non-profit organization in the District of Columbia.

8. McKinney stated that the Brotherhood of Men, Inc.'s mission is to assist disadvantaged youth with job training and fatherhood initiatives. He further stated that one of the ways in which the Brotherhood of Men, Inc. obtained funding was to obtain quitclaim deeds on real properties that the organization would fix up and sell at a profit. He stated that the Brotherhood of Men, Inc. pays him a non-taxable "stipend," not a salary. The Brotherhood of Men, Inc. maintains a bank account at the Bank of America and McKinney is the sole signatory on that account. The account number is xxxxxxx7468.

9. McKinney said that all of the currency that the officers found in his car belonged to the Brotherhood of Men, Inc. and that all of the currency had been withdrawn from the organization's bank account in the past year. According to McKinney, he withdrew the money at different times over the past year in different increments–sometimes $40,000.00, $20,000.00, or $50,000.00 at a time from different branches with different tellers.

10. McKinney said that he purchased the BMW from Best Auto Sales in Arlington, Virginia with cash and two cashiers's checks totaling $47,195.00.

11. The Virginia Employment Commission, the Maryland Department of Labor, Licensing, and Regulations, and the District of Columbia Department of Employment Services advised that their agencies had no record of Duane McKinney receiving wages or unemployment compensation for the past two years.

12. After McKinney's arrest, investigators discovered that Mr. McKinney was a subject of several lawsuits pending in the District of Columbia. Investigators looked into the facts underlying these cases and discovered that McKinney, acting through the Brotherhood of Men,

Inc. sold property that neither he, nor the Brotherhood of Men, Inc., properly owned. There is reasonable cause to believe that the defendant currency and vehicle are traceable to proceeds of McKinney's scheme to defraud.

## HANNA PLACE PROPERTY

13. On February 16, 2005, a deed was recorded at the D.C. Recorder of Deeds that purports to transfer a parcel of real property located at 5021 Hanna Place, N.E., Washington, D.C., from John A. Harrington and Leona M. Harrington to the Brotherhood of Men, Inc. Joseph D. Liles, Sr., notarized the deed on February 16, 2005. John A. Harrington and Leona M. Harrington appear to have notarized the deed on February 10, 2005, transferring the property to the Brotherhood of Men, Inc.

14. On April 23, 2005, the Brotherhood of Men, Inc. transferred its interest in the Hanna Place property to Chen Ping for $20,000.00.

15. Bank records for the Brotherhood of Men, Inc.'s Bank of America account, No. xxxxxxxx7468, show that a $20,000.00 deposit was made into that account on April 25, 2005.

16. On February 10, 2005, the date that they, supposedly, executed the deed transferring their interest in the Hanna Place property to the Brotherhood of Men, Inc. John A. Harrington and Leona M. Harrington were dead.

## EDSON PLACE PROPERTY

17. On July 21, 2004, a deed was recorded at the D.C. Recorder of Deeds that purports to transfer a parcel of real property located at 4265 Edson Place, N.E., Washington, D.C., from Carson Ruffner to the Brotherhood of Men, Inc. Joseph D. Liles, Sr., notarized the deed on July 22, 2003. Carson Ruffner appears to have notarized the deed on July 21, 2004, transferring the

property to the Brotherhood of Men, Inc.

18. On August 12, 2004, the Brotherhood of Men, Inc. transferred its interest in the Edson Place property to Qiyao Yuan and Vivian Kwok for $40,000.00.

19. Bank records for the Brotherhood of Men Bank of America account, No. xxxxxxxx7468, show that a $40,000.00 deposit was made into that account on August 13, 2005.

20. Carson Ruffner, the true owner of the Edson Place property, told federal criminal investigators that he has never heard of the Brotherhood of Men, Inc. and that he never authorized the transfer of his interest in the Edson Place property to any person or entity.

### THIRD STREET PROPERTY

21. On July 6, 2004, a deed was recorded at the D.C. Recorder of Deeds that purports to transfer a parcel of real property located at 1927 Third St., N.E., Washington, D.C., from Ronald Washington to the Brotherhood of Men, Inc.  Joseph D. Liles, Sr., notarized the deed on July 6, 2004.  Ronald Washington appears to have notarized the deed on July 6, 2004, transferring the property to the Brotherhood of Men, Inc.

22. On June 16, 2005, the Brotherhood of Men, Inc. transferred its interest in the Third Street property to 1612 Seventh Street, L.P., for $350,000.00.

23. On June 16, 2005, the net proceeds of that sale, $295,328.38, were transferred by wire from the Maryland bank account of the Cosmopolitan Real Estate Settlement Company, Inc., into the Washington, D.C. Bank of America account of the Brotherhood of Men, Inc. Account No. xxxxxxxx7468.

24. Ronald Washington died on February 11, 1997, and, therefore, could not have executed the deed on July 6, 2004, transferring ownership interest in the Third Street property to

the Brotherhood of Men, Inc.

## PURCHASE OF BMW

25. There is reason to believe that the defendant BMW was purchased with funds withdrawn from the Bank of America bank account maintained by the Brotherhood of Men, Inc. and into which proceeds of the above-described fraud scheme had previously been deposited. On May 31, 2005, McKinney withdrew $40,850.00 from Bank of America account No. xxxxxxxx7468. On June 1, 2005, McKinney purchased a cashier's check from Bank of America in the amount of $19,000.00. On June 2, 2005, McKinney purchased a cashier's check from Bank of America in the amount of $20,000.00. These two cashier's checks were used to purchase the defendant BMW.

## COUNT I

26. All statements and averments made in paragraphs 1-25 are re-alleged and incorporated, herein, by reference.

27. The defendant funds are subject to forfeiture because they were involved in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership or control of the proceeds of wire fraud (18 U.S.C. § 1343), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

28. As such, the defendant funds are property involved in a money laundering transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and are, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT II

29. All statements and averments made in paragraphs 1-25 are re-alleged and incorporated, herein, by reference.

30. The defendant funds are subject to forfeiture because they were involved in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership or control of the proceeds of the interstate transportation of falsely made or forged securities (18 U.S.C. § 2314), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

31. As such, the defendant funds are property involved in a money laundering transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and are, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT III

32. All statements and averments made in paragraphs 1-25 are re-alleged and incorporated, herein, by reference.

33. The defendant vehicle is subject to forfeiture because it was involved in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership or control of the proceeds of wire fraud (18 U.S.C. § 1343), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

34. As such, the defendant vehicle is property involved in a money laundering transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and, is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT IV

35. All statements and averments made in paragraphs 1-25 are re-alleged and incorporated, herein, by reference.

36. The defendant vehicle is subject to forfeiture because it was involved in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership or control of the proceeds of the interstate transportation of falsely made or forged securities (18 U.S.C. § 2314), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

37. As such, the defendant is property involved in a money laundering transaction, in violation of 18 U.S.C. § 1956 (a)(1)(B)(i), and, is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT V

38. All statements and averments made in paragraphs 1-25 are re-alleged and incorporated, herein, by reference.

39. The defendant currency is property involved in a violation of 18 U.S.C. § 1957(a) because its withdrawal from the Brotherhood of Men Bank of America account involved a "monetary transaction" as that term is defined by 18 U.S.C. § 1957(f)(1), that was greater than $10,000.00 in value involving the proceeds of wire fraud, a specified unlawful activity.

40. As such, the defendant currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT VI

41. All statements and averments made in paragraphs 1-25 are re-alleged and incorporated, herein, by reference.

42. The defendant currency is property involved in a violation of 18 U.S.C. § 1957(a) because its withdrawal from the Brotherhood of Men Bank of America account involved a "monetary transaction" as that term is defined by 18 U.S.C. § 1957(f)(1), that was greater than $10,000.00 in value involving the proceeds of interstate transportation of falsely made or forged securities (18 U.S.C. § 2314), a specified unlawful activity.

43. As such, the defendant currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT VII

44. All statements and averments made in paragraphs 1-25 are re-alleged and incorporated, herein, by reference.

45. The defendant vehicle is property involved in a violation of 18 U.S.C. § 1957(a) because its purchase involved a "monetary transaction," as that term is defined by 18 U.S.C. § 1957(f)(1), that was greater than $10,000.00 in value involving the proceeds of wire fraud, a specified unlawful activity.

46. As such, the defendant vehicle is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT VIII

47. All statements and averments made in paragraphs 1-25 are re-alleged and incorporated, herein, by reference.

48. The defendant vehicle is property involved in a violation of 18 U.S.C. § 1957(a) because its purchase involved a "monetary transaction," as that term is defined by 18 U.S.C. § 1957(f)(1), that was greater than $10,000.00 in value involving the proceeds of interstate transportation of falsely made or forged securities (18 U.S.C. § 2314), a specified unlawful activity.

49. As such, the defendant vehicle is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT IX

47. All statements and averments made in paragraphs 1-25 are re-alleged and incorporated, herein, by reference.

48. The defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because they are property involved in the laundering of the proceeds of a specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the defendant properties as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant properties be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief

as this Court may deem just and proper, together with the costs and disbursements of this action.

                                                       Respectfully submitted,

                                                       _____
                                                       KENNETH L. WAINSTEIN
                                                       United States Attorney
                                                       D.C. Bar No. 451058

                                                       _____
                                                       WILLIAM R. COWDEN
                                                       Assistant United States Attorney
                                                       D.C. Bar No. 426301
                                                      555 4th St., NW
                                                       Washington, D.C.  20530
                                                      (202) 307-0258

## **VERIFICATION**

I, Ronald D. Williams, a Special Agent with the Internal Revenue Service, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in rem* is based upon reports and information known to me and/or furnished to me by law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this ___ day of December 2005.

_____

Ronald D. Williams
Special Agent
Internal Revenue Service