# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 05-2404 (RBW)** |
| | : | **ECF** |
| **v.** | : | |
| | : | |
| **ONE HUNDRED FIFTY-NINE** | : | |
| **THOUSAND AND FORTY** | : | |
| **($159,040.00) DOLLARS IN** | : | |
| **UNITED STATES CURRENCY,** | : | |
| **ET AL.,** | : | |
| **Defendants.** | : | |
| _____ | : | |
| | : | |
| **Duane McKinney, d/b/a/** | : | |
| **The Brotherhood of Men, Inc.,** | : | |
| | : | |
| **Petitioner.** | : | |
| _____ | : | |

## PLAINTIFF'S OPPOSITION TO PETITION FOR
## <u>RELEASE OF SEIZED PROPERTY</u>

Plaintiff, the United States of America, by its attorney, the United States Attorney for the

District of Columbia, respectfully opposes the release of the seized properties requested by

petitioner Duane McKinney and the Brotherhood of Men, Inc., pursuant to 18 U.S.C. § 983(f), a

provision of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), for the reasons set forth

below.

Petitioner Duane McKinney ("petitioner" or "McKinney") on behalf of the Brotherhood

of Men, Inc., has failed to meet all of the requirements of 18 U.S.C. § 983(f)(1)(A)-(E) as

mandated by CAFRA. Petitioner has failed to show, inter alia: (1) that petitioner has a

possessory interest in the properties (because petitioner has failed to file the requisite claim and

Answer in the civil forfeiture proceedings in this case); (2) that petitioner has sufficient ties to the

community (because petitioner has neither legitimate income, nor a valid business address or permanent place of residence in which to receive his mail or mail on behalf of the Brotherhood of Men, Inc.); (3) that a substantial hardship exists in this case (because petitioner has other transportation and the seizures do not prevent the Brotherhood of Men, Inc. from conducting legitimate operations using legitimate contributions which are not foreclosed); (4) that petitioner's hardship outweighs the risk that the properties will be destroyed, damaged, lost, concealed, or transferred if returned (because, according to petitioner, he has withdrawn large sums of money in the amounts of $20,000, $40,000, and $50,000, at various times during the period of a year to secret the currency in a bag in his car); and (5) that 18 U.S.C. § 983(f), which generally prohibits release of currency (and other property likely to be used to continue additional criminal acts), does not apply here to bar the very relief petitioner requests.

## **BACKGROUND**

On December 15, 2005, the United States filed a Complaint for Forfeiture *in Rem* against the defendants one hundred fifty-nine thousand and forty ($159,040.00) dollars and a 2002 BMW 745LI Sedan, VIN WBAGN63452DR02119. The forfeiture proceeding was brought to enforce 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any real or personal property that is involved in a money laundering offense in violation of 18 U.S.C. §§ 1956, 1957 and/or 1960. This action was also brought to enforce 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of any real or personal property that constitutes or is derived from proceeds traceable to, among other offenses, any offense that is a "specified unlawful activity" of the federal anti-money laundering statutes.

On June 10, 2005, a law enforcement officer stopped his vehicle to render assistance to

what appeared to be a disabled motorist (McKinney) in the vicinity of Route 50 in Virginia. The officer discovered that McKinney had an outstanding warrant for his arrest. The officer arrested McKinney. Subsequent to that arrest, McKinney's vehicle, a 2002 BMW 745LI sedan, was taken into custody and inventoried. During the search of the vehicle, officers found one hundred fifty-nine thousand and forty dollars ($159,040.00) in United States currency in a duffel bag inside the trunk of his car. McKinney told officers that he was the president of the Brotherhood of Men, Inc., a non-profit organization, whose mission was to assist disadvantaged youth with job training and fatherhood initiatives. McKinney asserted that this money belonged to this organization. McKinney further told officers that one of the ways in which the non-profit organization obtained funding was by obtaining quitclaim deeds to real properties that his organization, the Brotherhood of Men, Inc., then fixed up and sold for a profit. McKinney also said that he did not receive a salary from his organization, but, instead, received a "stipend."

Upon further investigation, law enforcement officials learned of several lawsuits pending against McKinney in the District of Columbia that arose from a scheme he perpetrated, with others, to fraudulently transfer deeds to real properties from the rightful owners into the name of the Brotherhood of Men, Inc. McKinney would then sell the Brotherhood of Men, Inc.'s apparent interests in the properties to others. Based on their investigation and a tracing of the proceeds of these fraudulent transfers, law enforcement officials determined that the defendant currency and vehicle were the laundered proceeds of McKinney's scheme to enrich himself through fraud and were, therefore, subject to forfeiture.

Several attempts have been made by this Office and the seizing agency to send notice to petitioner of the administrative and civil proceedings (including related forfeiture proceedings),

but notices have frequently been returned by the U.S. Post Office, apparently due to the lack of a proper mailing address for petitioner. Nevertheless, it is clear that petitioner is aware of these proceedings, and an attorney has called this Office on McKinney's behalf. But as of this date, petitioner has not filed a verified claim and Answer in this case with this Court, as required by the applicable rules and, therefore, he is not a valid claimant. Petitioner, instead, filed a Petition for Mitigation (in which he included no address).

Petitioner has no standing to request release of the seized properties and in any case, cannot satisfy the Section 983(f)'s statutory prerequisites for release of the defendant properties pending their adjudication in this forfeiture proceeding. Therefore, petitioner's motion should be denied.

## **ARGUMENT**

### A.   **Petitioner's request for release of seized property in a civil judicial proceeding is premature.**

Petitioner is not a proper claimant and, therefore, he is without standing to bring this request. The Release of Seized Property provision in 18 U.S.C. § 983(f) provides that only a "claimant" is entitled to the release of seized property. That section reads: "[a] claimant under subsection (a) is entitled to immediate release of seized property . . . ." 18 U.S.C. § 983(f)(1) (emphasis added). "Subsection (a)" refers to 18 U.S.C. § 983(a) which sets forth the procedures to conduct civil forfeiture proceedings. Within that subsection, paragraph 983(a)(1) details the procedure to initiate nonjudicial civil forfeiture proceedings. Paragraph 983(a)(2) enumerates how a person may become a claimant in a nonjudicial civil forfeiture: by filing a claim under oath subject to the penalty of perjury, identifying the specific property being claimed, and stating

4

the claimant's interest in the property. Paragraph 983(a)(3) sets forth the time requirements to file a judicial forfeiture complaint. Paragraph 983(a)(4) provides in a judicial forfeiture, a person claiming an interest in the seized property must file a claim as set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims. Each of these directives, contained in "subsection (a)" requires an interested party to make a claim and become a claimant in a proceeding. Congress intended that only a claimant in a proceeding can seek return of property that has been seized for forfeiture. The Court must have jurisdiction over the possessor of the property during the pendency of the forfeiture proceeding.

Not only has petitioner failed to file a timely verified claim and Answer here, he has failed to comply with the requirements of the statute under which he seeks relief. Thus, this request is also premature. The Release of Seized Property provision, 18 U.S.C. § 983(f), provides that a claimant may not file a petition in district court until the claimant has taken the required steps to secure release of the property from the appropriate government official. See 18 U.S.C. § 983(f)(3)(B)(ii). Although attempts have been made by the seizing agency to send notice of the seizure to the petitioner, mail addressed to petitioner has been returned to the agency marked "refused." The mandated procedure requires first that a claimant make a request for release of the property from the appropriate official, giving the appropriate official 15 days to release the property. See 18 U.S.C. § 983(f)(2) and (3)(A). This provision is intended to obviate the need for court proceedings until a government official has had an opportunity to review and rule upon a request for release. Petitioner has not met the conditions required before seeking to be heard in this Court.

**B.    Petitioner fails to show that he has sufficient ties to the community.**

To be afforded relief under Section 983(f)'s provision providing for pretrial release, in some cases, of property subject to civil forfeiture, a petitioner must also demonstrate sufficient ties to the community to provide assurance that the property will be available at the time of the trial. See 18 U.S.C. § 983(f)(1)(B). Petitioner here has failed to make this showing.

Petitioner has no employment or other sources of legitimate income. The Maryland, District of Columbia, and Virginia employment services agencies report that petitioner has not earned wages or received unemployment compensation for the past two years. Additionally, attempts to notice petitioner of the civil forfeiture proceedings at the address listed for the Brotherhood of Men, Inc., have been futile. Even though notice was mailed to the same address listed in his petition filed with this Court, the United States Postal Service returned our envelope addressed to petitioner marked "Refused." See Exhibit I. The Brotherhood of Men, Inc. appears to exist only on paper.

**C.    Petitioner fails to show that a substantial hardship will be caused.**

A petitioner seeking relief from a pretrial seizure must next establish that the government's continued possession of the defendant property will cause a substantial hardship to the petitioner. See 18 U.S.C. § 983(f)(1)(C). In this case, petitioner fails to show that the Brotherhood of Men, Inc. has suffered a substantial hardship due to the seizure of the defendant property. The government has not seized this business, the Brotherhood of Men, Inc. Instead, only the defendant properties have been seized and held for civil forfeiture. Petitioner does not assert that seizure of the BMW he was driving has caused any hardship, and although he asserts that the defendant currency constitutes the sole other asset of the Brotherhood of Men, Inc.,

6

petitioner also maintains that the Brotherhood of Men, Inc. receives its operating revenues from its members and from corporate and individual donors. If that is true, the members and corporate and individual donors can be expected continue contributing to the organization. In reality, as set forth in the Complaint, this organization has not been functioning as a legitimate business; instead, McKinney has used the Brotherhood of Men, Inc. as a front to conduct and conceal his illegal activities. On the day of his arrest in Virginia, the defendant currency ($159,040.00) was found stored inside a duffel bag in McKinney's BMW rather than deposited in a business bank account. After his arrest, McKinney admitted that he had withdrawn, at various times during the past year, from the Brotherhood of Men, Inc.'s bank account, large sums of what came to be the defendant currency ($159,040.00). This is hardly the usual practice of a legitimate business functioning to meet its obligations and customary business expenses. By petitioner's own admission, he has no regular income but only a "stipend" from the Brotherhood of Men, Inc., and no other legitimate sources of income. There is no means to contact petitioner through a normal business mailing address or even though a permanent place of residence. Petitioner appears to be operating the Brotherhood of Men, Inc. from others' private residences and from the trunks of cars.

> **D.**    **Petitioner's alleged substantial hardship fails to outweigh the risks of damaging, losing, concealing or transferring the defendant currency and defendant vehicle.**

Finally, petitioner has not demonstrated that petitioner's alleged hardship outweighs the risk that the property will be destroyed, damaged, lost or concealed. 18 U.S.C. § 983(f)(1)(D). Petitioner has not established how the seizure of the defendant properties has caused a substantial hardship to him; as such, the petitioner has not shown that his alleged hardship outweighs the

potential risks of damage to or loss of the defendants currency and vehicle. In this case, petitioner appears to want the properties back so that he can spend the money and sell the car, because petitioner lacks any legitimate means of income or compensation. But, petitioner cannot guarantee that the defendant properties will be available for trial. Thus, the risk of releasing the defendant properties to the petitioner far outweighs the hardship he alleges, because it is most certain that petitioner will use the defendant currency to support himself. Indeed, because petitioner appears to lack legitimate employment, and has no other apparent source of legitimate income, it would be difficult for petitioner to maintain the defendant vehicle. Thus, the value of the vehicle is likely to decrease. Moreover, petitioner indicates that the defendants are the sole assets of the Brotherhood of Men, Inc. As such, the potential risk of loss of the defendants, which petitioner treats as part of his stipend, is greater and most assuredly would render them unavailable for trial. Even if other assets could be substituted (which in a civil forfeiture case may not be permitted), here petitioner asserts there are no other assets available should the properties at issue here be dissipated. See United States v. Undetermined Amount of U.S. Currency, 376 F.3d 260 (4th Cir. 2004) (the risk of loss of the directly forfeitable funds is not mitigated by the possibility of forfeiting substitute assets if claimant cannot establish that he has assets other than those subject to forfeiture that are equal to the value of the property released) (court assumes without deciding that substitute assets could be forfeited in a civil case); United States v. $1,231,349.68 in Funds, 227 F. Supp.2d 125 (D.D.C. 2002) (denying pretrial release of seized cash because the likelihood that it would be unavailable for trial is "almost assured").

Based on petitioner's prior conduct – withdrawing over $47,000 from the Brotherhood of Men, Inc.'s bank account to purchase the defendant BMW in his name, petitioner has

demonstrated more of a concern for himself than for those whom he claims to be serving through the "not for profit" organization that he supposedly operates. Further, petitioner has not made his whereabouts known in these proceedings, and normal attempts to notice petitioner of the civil forfeiture proceedings have been unsuccessful due to a refusal to accept mail at locations that petitioner said he could be found.

E.     **Release of the defendant funds is prohibited by 18 U.S.C. § 983(f)(8)(A).**

Even were petitioner to have managed to satisfy all of the other provisions of Section 983(f), it also must be true that the property sought to be released is not contraband, currency, or a monetary instrument; is not evidence; is not designed or particularly suited for use in illegal activities; and is not likely to be used to commit additional criminal acts if released. See 18 U.S.C. §§ 983(f)(1)(E) and 983(f)(8). The forfeiture action indicated that McKinney perpetrated a scheme to defraud owners of real property by transferring the owners' – and in some cases the deceased owners' – interests in their property to the Brotherhood of Men, Inc., without their knowledge or permission, and then selling the properties and pocketing the sales proceeds. As a result of this scheme, McKinney received over $355,000.00 in proceeds and deposited those funds into a Bank of America account #xxxxxxxx7468, maintained in the name of the Brotherhood of Men, Inc., which McKinney controlled. After that, McKinney withdrew $40,850.00 from that same bank account and purchased two cashier's checks that he used to purchase the defendant BMW. According to McKinney, in a similar fashion, he withdrew from the Brotherhood of Men, Inc.'s bank account(s) the defendant currency that law enforcement officers found hidden in the defendant vehicle's trunk. By law, petitioner has no basis for requesting that the currency recovered be returned to him prior to its adjudication because

Congress, recognizing that currency was a type of property likely to be dissipated, prohibited its pretrial release (except in cases where a legitimate business is seized and hardship outweighs risk of loss). See 18 U.S.C. § 983(f)(8)(A). See also United States v. Contents of Account 4000393242, No. C-1-01-729 (S.D. Ohio Mar. 13, 2002) (attached as Exhibit 1) (under section 983(f)(8), claimant may not seek release of funds seized from bank account unless he establishes that they were funds from a legitimate business that was seized; the reference is to *the seizure of the business*, not to the seizure of the funds); $1,231,349.68 in Funds, 227 F. Supp.2d at 129 (recognizing that claimants must prove legitimacy of business and denying pretrial release of seized cash). Again, petitioner has failed to establish a factual and legal basis for the relief he requests.

**CONCLUSION**

Accordingly, for the reasons stated above, the petitioner has failed to meet all of the elements required for release of the defendants one hundred fifty-nine thousand and forty ($159,040.00) dollars and 2002 BMW Sedan. Additionally, petitioner whose ties to the community are tenuous, cannot make a showing of substantial hardship; nor can petitioner show that any alleged hardship outweighs the risk that the defendant currency and defendant BMW will be damaged, lost, concealed or transferred during the pendency of the proceeding.

Respectfully submitted,


/s/_____
KENNETH L. WAINSTEIN, DC Bar #415058
United States Attorney
DC Bar No. 451058

/s/_____
WILLIAM R. COWDEN, DC Bar #426301
JUDITH A. KIDWELL
Assistant United States Attorneys
United States Attorney's Office
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0258 (phone)
(202) 414-8707 (fax)

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing opposition to petitioner's Petition for Release of Seized Property was sent by mail, postage pre-paid to:

Duane McKinney
The Brotherhood of Men, Inc.
266 Harry S. Truman Drive
Largo, Maryland 20774

this 21st day of February 2006.

       /s/_____
       WILLIAM R. COWDEN
       Assistant United States Attorney

11

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 05-2404 (RBW)** |
| | : | **ECF** |
| **v.** | : | |
| | : | |
| **ONE HUNDRED FIFTY-NINE** | : | |
| **THOUSAND AND FORTY** | : | |
| **($159,040.00) DOLLARS IN** | : | |
| **UNITED STATES CURRENCY,** | : | |
| **ET AL.,** | : | |
| **Defendants.** | : | |
| _____ | : | |
| | : | |
| **Duane McKinney, d/b/a/** | : | |
| **The Brotherhood of Men, Inc.,** | : | |
| | : | |
| **Petitioner.** | : | |
| _____ | : | |

## <u>ORDER</u>

Upon consideration of petitioner's Petition for Release of Seized Property, plaintiff's

opposition thereto and the entire record herein, it is

ORDERED that petitioner's Petition should be and hereby is DENIED.


SO ORDERED.


This date _____ of _____, 2006.



_____
REGGIE B. WALTON
United States District Judge