UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ONE HUNDRED FIFTY-NINE THOUSAND AND FORTY ($159,040.00) DOLLARS IN UNITED STATES CURRENCY, et al. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-2404 (RBW) |

**ORDER**

On December 15, 2005, the United States filed a Verified Complaint for Forfeiture In Rem ("Compl.") pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C). Compl. ¶ 1. The complaint alleged that the defendant properties, $159,040.00 in United States currency and a 2002 BMW 745 LI sedan, VIN:WBAGN63452DR02119, were involved in money laundering and/or were constituted or derived from proceeds traceable to a "specified unlawful activity" as provided by the federal anti-money laundering statutes. Id. ¶¶ 1-4. A Warrant for Arrest In Rem was issued on December 15, 2005, and the properties were subsequently seized by the United States. The defendant properties belong to The Brotherhood of Men, Inc., a non-profit organization registered in the District of Columbia. Petition for Remission or Mitigation of Forfeiture at 1. Duane McKinney ("McKinney") is the President of the Brotherhood of Men, Inc. ("The Brotherhood"). Id.

Currently before the Court is McKinney's Motion for the Return of the Seized Property

Pursuant to 18 U.S.C. Section 983.  The docket reflects that McKinney is proceeding pro se on behalf of The Brotherhood.  However, corporations may only appear in federal court through the representation of licensed attorneys.  Flynn v. Thibodeaux Masonry, Inc., 311 F. Supp. 2d 30, 37 (D.D.C. 2004) (citing Rowland v. Calif. Dept. of Corrections, 506 U.S. 194, 202 (1993)).  McKinney, therefore, cannot appear before this Court on behalf of The Brotherhood.  See Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565 (2d Cir. 2000) (holding that a corporation was not properly before the district court as a party because the corporation president could not appear pro se on behalf of the corporation or intervene on its behalf).  Accordingly, McKinney's motion filed on behalf of The Brotherhood as its president must be denied.[1]

Based on the foregoing, the Motion for the Return of the Seized Property Pursuant to 18 U.S.C. Section 983 is **DENIED**.

**SO ORDERED** this 10th day of April, 2006.


REGGIE B. WALTON
United States District Judge

---

[1] Denial of the motion is also proper because McKinney has not complied with the procedures set forth in 18 U.S.C. § 983 regarding the return of seized property.  The provisions of § 983(a)(4)(A) first require that McKinney properly establish himself as a claimant of seized property.  McKinney must then request possession of the property from the appropriate governmental official.  § 983(f)(2).  If the property is not returned to the claimant within 15 days of the request, the claimant may file a petition in district court. § 983(f)(3)(A).  There is no indication that any of these procedures were followed in this case.