UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|         Plaintiff, | : |
|         v. | : Civil Action No. 05-2404 (RBW) |
| ONE HUNDRED AND FIFTY-NINE THOUSAND AND FORTY ($159,040.00) DOLLARS IN UNITED STATES CURRENCY, *ET AL.*, | : |
|         Defendants. | : |

**PARTIES' JOINT REPORT PURSUANT TO LCvR 16.3(d)**

Pursuant to LCvR 16.3(d), the United States of America, the Plaintiff herein, as represented by the United States Attorney for the District of Columbia, and Claimant Duane McKinney, *pro se,* ("the Parties") hereby, make their Rule 16.3(d) report to the Court. At this time, no counsel has entered an appearance on behalf of the Brotherhood of Men, Inc., and the government has not been contacted by any attorney representing this Claimant.

On May 22, 2006, government counsel met and conferred with Mr. McKinney pursuant to LCvR 16.3(d). Government counsel has made every attempt to recite Mr. McKinney's proposals on each of the items contained in this report to the Court.[1]

---

[1] Because of the time it would take to mail this report to Mr. McKinney and his desire to have this matter proceed as expeditiously as possible, Mr. McKinney has not reviewed a draft of this report. Although government counsel attempted to explain to Mr. McKinney both the U.S. District Court Rules and Federal Rules of Civil Procedure regarding discovery, it may be necessary for the Court to conduct further inquiry and provide additional guidance to Mr. McKinney at the Scheduling Conference.

The Plaintiff's verified complaint was filed on December 15, 2005, alleging that the defendants, $159,040.00 in United States currency and a 2002 BMW 745 LI Sedan, were involved in money laundering offenses in violation of 18 U.S.C. §§ 1956 or 1957, and/or constituted or was derived from proceeds traceable to a specified unlawful activity under the federal anti-money laundering statutes. In January 2006, Mr. McKinney filed a Petition for Remission or Mitigation of Forfeiture and a Motion for the Return of Seized Property on behalf of the Brotherhood of Men, Inc. In that Petition, Mr. McKinney stated that "the assets seized are the sole property of Brotherhood of Men, Inc."

On February 6, 2006, Mr. McKinney filed a Verified Answer and Motion for Return of Seized Property on behalf of himself and the Brotherhood of Men, Inc. On April 10, 2006, the Court denied this motion on the basis that the Petition for Remission or Mitigation of Forfeiture had indicated that the defendant properties were the assets of the Brotherhood of Men, Inc., and Mr. McKinney could not represent a corporation in federal court.[2]

(1) **Dispositive Motion**: The Plaintiff believes that this case can be disposed of by dispositive motion. Mr. McKinney believes this case must go to trial.

(2) **Joinder of Parties**: The Plaintiff does not believe that additional parties need be joined. The Plaintiff anticipates that it may be necessary to amend the pleadings. Mr. McKinney is not sure whether additional parties need to be joined or his pleadings need to be amended.

---

[2] As pointed out in the Court's Order, Mr. McKinney has not complied with the procedures to establish himself as a claimant. However, in order to proceed with this matter, the government met and conferred with Mr. McKinney on a discovery schedule. The government reserves the right to address the issue of Mr. McKinney's standing at a later date. The government notes that Mr. McKinney appears to have filed the same Verified Answer and Motion for Return of Seized property on April 20, 2006. The government submits that the Court's Order of April 10, 2006, is applicable to this renewed motion.

(3) **Assignment to a Magistrate Judge**:  The Parties object to the referral of this matter to a Magistrate Judge.

(4) **Possibility for Settlement**:  The Parties believe that there may be a possibility for settlement, but not until all parties are before the Court.

(5) **ADR**:  The Plaintiff believes that it is too early to assess whether alternative dispute resolution will be appropriate.  Mr. McKinney does not want ADR.

(6) **Resolution by Dipositive Motion**:  The Plaintiff believes that this case can be resolved, in whole or in part, by dispositive motion.  Mr. McKinney believes this case must go to trial.

(7) **Initial Disclosures**:  The Parties will exchange initial disclosures by June 15, 2006, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

(8) **Discovery**:  The Plaintiff proposes a four (4) month discovery period and up to five depositions for each party.  The Plaintiff proposes the submission of up to thirty (30) interrogatories and ten (10) requests for production of documents (excluding sub-parts) by each party.  Mr. McKinney proposes a thirty-day discovery period and up to one deposition for each party.  Mr. McKinney proposes the submission of up to thirteen (13) interrogatories and thirteen (13) requests for production of documents for each party.

(9) **Exchange of Expert Witness Information**:  Should this case go to trial, the Parties may need expert testimony and will provide disclosures to the other Parties at the pretrial conference.  Plaintiff believes that it will have one (1) expert witness.  Mr. McKinney believes he will have six (6) expert witnesses.

(10) **Class Action Procedures**:  Not applicable.

(11)  **Bifurcation of Trial and/or Discovery**:  Not applicable.

(12)  **Date for Pretrial Conference**:  The Plaintiff requests that the pretrial conference not be set until the Court has ruled on any dispositive motions filed following the close of discovery in this case.  Mr. McKinney requests that a pretrial conference be scheduled on July 22, 2006.

(13)  **Trial Date**:  The Parties believe that the Court should set the trial date at the pretrial conference, rather than in the scheduling order.

(14)  **Other Matters**:  None.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 451058


_____/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301


_____/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th St., N.W., Room 4818
Washington, D.C.  20530
(202) 514-7250
**For the Plaintiff**


_____
Claimant Duane McKinney, *pro se*

**CERTIFICATE OF SERVICE**

      I hereby certify that copies of this Parties' Joint Report Pursuant to LCvR 16.3(d) and Proposed Scheduling Order have been sent by certified mail on this 24th day of May, 2006, to:

Mr. Duane McKinney
266 Harry S. Truman Drive
Largo, Maryland 20774

                                                    /s/
                                  JUDITH A. KIDWELL
                                ASSISTANT U.S. ATTORNEY