UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )  | |
| Plaintiff,        ) | |
| ) | |
| v.        ) | Civil Action No.  05-2404 (RBW) |
| ) | |
| ONE HUNDRED FIFTY-NINE THOUSAND        ) | |
| AND FORTY DOLLARS ($159,040.00) IN        ) | |
| UNITED STATES CURRENCY, ET AL.        ) | |
| ) | |
| Defendants.        ) | |

## OPPOSITION TO MOTIONS FOR RETURN OF SEIZED PROPERTY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Opposition to the Motions for Return of Seized Property filed by Mr. Duane McKinney, *pro se* (herereafter "Mr. McKinney").[1]  For the reasons discussed below, the United States requests that all of Mr. McKinney's motions for return of property be denied.

## BACKGROUND

On December 15, 2005, the United States filed a Verified Complaint for Forfeiture, *In Rem* to forfeit the defendant properties.  The forfeiture proceeding was brought to enforce 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any real or personal property that is involved in a money laundering offense in violation of 18 U.S.C. §§ 1956 or 1957, or any property traceable to such property.  This action was also brought to enforce 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of any real or personal property that constitutes

---

[1] At this time, Mr. McKinney has filed three motions for return of property, all of which are essentially the same.  The Court denied Mr. McKinney's first motion.  Thereafter, on April 20, 2006, Mr. McKinney filed an "answer" that essentially was the same motion again.  Mr. McKinney recently filed a third motion for return of seized property, on June 6, 2006.

or is derived from proceeds traceable to, among other offenses, any offense that is a "specified unlawful activity" of the federal anti-money laundering statutes.

Mr. Duane McKinney ("Mr. McKinney"), purporting to represent the Brotherhood of Men, Inc., filed a Petition for Remission Or Mitigation of Forfeiture ("Petition"), dated January 31, 2006. In this Petition, Mr. McKinney stated that the defendant properties were the "sole property of the Brotherhood of Men, Inc." This Petition is signed by Duane McKinney, President and states "[I] declare under penalty of perjury that the foregoing is true and correct. We have assumed this to be the corporation's effort to file a "verified claim" in order to have statutory standing to defend against the forfeiture.

Next, on February 6, 2006, Mr. McKinney, as President of the Brotherhood of Men, Inc., a non-profit corporation registered in the District of Columbia, filed a Motion for Return of Seized Property. The United States filed its Opposition to the corporation's motion on February 21, 2006.

On April 10, 2006, the Court denied the motion for return of the seized properties that Mr. McKinney had filed on the corporation's behalf. In its Order, the Court also explained that Mr. McKinney could not represent the Brotherhood of Men, Inc., because corporations must be represented by licensed attorneys in federal courts.

Less than two weeks later, on April 21, 2006, Mr. McKinney filed what he termed a "Verified Answer To Information and Notice of Forfeiture and Motion for Return of Seized Property" on behalf of the Brotherhood of Men, Inc. No attorney signed this answer or motion.

Recently, Mr. McKinney filed another motion for return of the defendant properties. In this third motion, Mr. McKinney now maintains, despite his prior sworn representations to the

contrary, that he owns the defendant properties.[2]

## ARGUMENT

### The Court Should Deny Mr. McKinney's Motion(s) Because He Does Not Have Statutory Standing to Challenge the Forfeiture.

In a civil forfeiture case, the claimant must establish that he has both Article III standing and what has come to be called "statutory" standing under the applicable rules and statutes. *United States v. $38,000 in U.S. Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987). In order for Mr. McKinney to obtain statutory standing in this forfeiture action, Mr. McKinney was required to have filed a timely verified claim with the Court – that is, a statement under oath identifying his interest in the defendant property no later than 30 days after the date of service of the Verified Complaint. Thereafter, he was also required to file an answer to the Verified Complaint no later than 20 days after the date of the filing of his verified claim. *See* 18 U.S.C. § 983(a)(4)(A); Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims. As of this date, Mr. McKinney has failed to file either a verified claim or answer[3] on behalf of himself. Therefore, he does not have statutory standing to file any motions in this case.

Moreover, given the sworn representations he made on behalf of the corporation, it is also questionable whether Mr. McKinney would have Article III standing. At the outset of a forfeiture case, a claimant must be able to show a facially colorable interest in the proceedings sufficient to satisfy Article III standing. *United States v. 1998 BMW "I" Convertible*, 235 F.3d

---

[2] On May 22, 2006, government counsel attempted to discuss the ownership discrepancy with Mr. McKinney during the LCvR 16.3(d) meeting. However, Mr. McKinney would only indicate that he was claiming the defendant properties.

[3] The answer in this case was filed on behalf of the Brotherhood of Men, Inc.

397, 399 (8th Cir. 2000). Although Mr. McKinney was in possession of the defendant properties at the time they were seized and the defendant vehicle is titled in his name, Mr. McKinney previously swore under penalty of perjury that the defendant properties belong to the Brotherhood of Men, Inc. He has also filed pleadings in this case asserting that the defendant properties belong to the Brotherhood of Men, Inc. Mr. McKinney's latest written submission appears to be an effort to circumvent the Court's Order, requiring that the corporation obtain legal representation, by converting the ownership of the defendant properties to himself. But, aside from the fact that his first version of property ownership was under oath, the time for Mr. McKinney to have filed a verified claim to the property on his own behalf expired in January, 2006.

Mr. McKinney plainly lacks statutory standing to appear on his own behalf in this civil *in rem* forfeiture case now and, moreover, he could have a personal stake in this matter only if his prior sworn testimony can fairly be disclaimed.

## Conclusion

For these reasons, it is respectfully requested that this Court deny Mr. McKinney's motions for return of seized property.

Respectfully submitted,

\_/s/_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

\_/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301

                    /s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th St., N.W. Room 4818
Washington, D.C.  20530
(202) 514-7250

**CERTIFICATE OF SERVICE**

      I, hereby, certify that copies of the foregoing Opposition to Motions for Return of Seized Property and Proposed Order were sent by certified mail to Duane McKinney, *pro se*, 266 Harry S. Truman Drive, Largo, Maryland 20774, on this 15th day of June, 2006.[4]

_____
WILLIAM R. COWDEN
Assistant United States Attorney

---

[4] Mr. McKinney has filed several pleadings on which he has listed his and the Brotherhood of Men's addresses as 266 Harry S. Truman Drive, Largo, Maryland 20774. However, as evidenced by the Government's Exhibit 1, in the past, correspondence to Mr. McKinney which is mailed to this address is returned. In addition, the residents of this address have advised law enforcement officers that Mr. McKinney does not live at or work out of this address.