UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                                  ) | |
|         Plaintiff,                   ) | |
|                                  ) | |
|     v.                              ) | Civil Action No.  05-2404 (RBW) |
|                                  ) | |
| ONE HUNDRED FIFTY-NINE THOUSAND    ) | |
| AND FORTY DOLLARS ($159,040.00) IN      ) | |
| UNITED STATES CURRENCY,              ) | |
|                                  ) | |
|    and                            ) | |
|                                  ) | |
| ONE 2002 BMW 745 LI SEDAN,            ) | |
| VIN: WBAGN63452DR02119,              ) | |
|                                  ) | |
|        Defendants.                 ) | |
| _____) | |

**MOTION TO STRIKE ANSWER AND FOR ENTRY OF A DEFAULT
JUDGMENT AND JUDGMENT OF FORFEITURE AGAINST THE
*IN REM* DEFENDANT PROPERTIES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves, pursuant to Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims and 18 U.S.C. § 983(a)(4)(A), to strike the Answer on the ground that Duane McKinney and The Brotherhood of Men, Inc. lack standing to contest the forfeiture of the defendant properties and, pursuant to Fed. R. Civ. P. 55 for entry of a Default Judgment and for a Judgment of Forfeiture as to the defendant one hundred fifty-nine thousand and forty dollars ($159,040.00) in United States currency and as to the defendant One 2002 BMW 745 LI Sedan identified in the Verified Complaint for Forfeiture *In Rem*, on the grounds that timely and appropriate papers and pleadings were not filed on behalf of the defendant currency or defendant vehicle.

A proposed Order and Judgment of Forfeiture for the *in rem* defendants, currency and a vehicle, are submitted herewith, along with a Memorandum of Points and Authorities.

Respectfully submitted,

/s/_____
JEFFERY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney

/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7912


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Strike Answer and for Entry of a Default Judgment and Judgment of Forfeiture against the *In Rem* Defendant Properties, accompanying Memorandum, and Proposed Order and Judgment of Forfeiture was sent by U.S. Postal Service, certified mail, to Mr. Duane McKinney, *Pro se,* 1610 R Street SE, #3,Washington, DC 20020 and to his criminal defense attorney, Howard B. Katzoff, Esq. 717 D Street, N.W. Suite 310, Washington, D.C. 20004 on this  16th  day of July, 2007.

/s/_____
DIANE G. LUCAS
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONE HUNDRED FIFTY-NINE THOUSAND )<br>AND FORTY DOLLARS ($159,040.00) IN )<br>UNITED STATES CURRENCY, )<br>)<br>and )<br>)<br>ONE 2002 BMW 745 LI SEDAN, )<br>VIN: WBAGN63452DR02119, )<br>)<br>Defendants. )<br>) | Civil Action No. 05-2404 (RBW) |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ANSWER
AND FOR ENTRY OF DEFAULT JUDGMENT AND JUDGMENT
OF FORFEITURE AGAINST THE *IN REM* DEFENDANT PROPERTY**

The United States moves to strike the Answer of Duane McKinney ("McKinney") on the grounds that he failed to timely file a verified statement of interest and answer pursuant to Rule C(6) Supplemental Rules for Certain Admiralty and Maritime Claims ("Rules") and 18 U.S.C. § 983(a)(4)(A). As the Court previously found, as a result of his failure to meet the procedural requirements, McKinney lacks "statutory" standing to contest the forfeiture. See Document No. 15 at 8.[1] McKinney also lacks standing under Article III of the U.S. Constitution because in his sworn statements he asserts that a non-profit corporation, The Brotherhood of Men, Inc., owns the defendant properties. To the extent that the Answer purports to be filed by McKinney on behalf of The Brotherhood of Men, Inc., it should also be stricken, not just because McKinney

---

[1] "Document No." refers to the docket number assigned to the electronically-filed documents in the instant matter.

cannot represent the corporation himself, but because the corporation lacks statutory and Article III standing, too.[2]

No other party has filed a timely verified statement of interest or claim and answer challenging the forfeiture of the defendant funds and vehicle and the time for filing a claim has expired.  Thus, the United States is entitled to default judgment.  See 18 U.S.C. § 983(a)(4)(A) and Supplemental Rules C(6).

Pursuant to Federal Rules of Civil Procedure 55, plaintiff, the United States of America, hereby files this memorandum in support of its motion to strike and for default judgment on the Complaint for Forfeiture *In Rem* of the defendant properties.  For the reasons set forth below, the motion should be granted in favor of the United States.

I.      **BACKGROUND**

On December 15, 2005, the plaintiff filed a Verified Complaint for Forfeiture *In Rem* against the defendant one hundred fifty-nine thousand and forty dollars ($159,040.00) in United States currency and One 2002 BMW 745 LI Sedan.  See Document No. 1.  In the Complaint, the United States alleges that the defendant properties constitute or are derived from proceeds traceable to a "specified unlawful activity" and/or was involved in money laundering.  Id.  On December 20, 2005, copies of the Complaint and Warrant of Arrest *In Rem* issued by the Clerk of the Court were served upon the defendant properties.  See Document Nos. 1 and 2.  Further, copies of the Complaint and Warrant of Arrest *In Rem* were sent to all known interested persons,

---

[2] It is unclear whether the Answer was filed on behalf of McKinney individually or The Brotherhood of Men, Inc.  McKinney initially tried to appear as President of The Brotherhood of Men, Inc., "claiming" the properties as the corporation's assets.  But, later in the document, he states that he is the owner of the vehicle.  The ownership of the defendant $159,040.00 is not addressed in the Answer.  See Document No. 4.

2

via the United States Postal Service, certified mail to: Duane McKinney on January 15, 2006 (the package was returned as "refused" on January 25, 2006),[3] and to The Tax Law Firm of Charles A. Ray, Jr., on January 13, 2006 (this package was signed for on January 17, 2006). See Exhibits A and B. Additionally, a notice of seizure was published on February 2, 2006, both in THE WASHINGTON TIMES and in THE DAILY WASHINGTON LAW REPORTER, in full compliance with applicable Local Rules and Rules of Procedure. See Exhibit C.

On February 6, 2006, a Petition for Remission or Mitigation of Forfeiture dated January 31, 2005, along with a Motion for Return of Seized Property was filed by McKinney in his capacity as President of Brotherhood of Men, Inc. See Document No. 4. In the Petition, McKinney declared under penalty of perjury that the defendant properties were the "sole property of the Brotherhood of Men, Inc."[4] Id. The United States filed its Opposition to the corporation's motion on February 21, 2006. See Document No. 5. On April 10, 2006, the Court denied McKinney's Motion for Return of the Seized Property. See Document No. 6. At that time, the Court also explained that McKinney could not represent the Brotherhood of Men, Inc. because corporations must be represented in federal court by licensed attorneys. Id.

On April 21, 2006, McKinney filed a document entitled, "VERIFIED ANSWER TO INFORMA[ ]TION AND NOTICE OF FORFEITURE AND MOTION FOR RETURN OF

---

[3] The envelope was addressed to McKinney at 266 Harry S. Truman Drive, Largo, MD 20774. This is the address McKinney listed on all of his pleadings filed with the Court and the alleged address of The Brotherhood of Men, Inc. See attachments to Document Nos. 4 and 16.

[4] This Petition is signed by Duane McKinney, President and states "[I] declare under penalty of perjury that the foregoing is true and correct." The United States has assumed this to be the corporation's effort to file a "verified claim" in order to have statutory standing to defend against the forfeiture. But even assuming that this was a timely "verified claim" to the defendant properties, the corporation did not file a timely, proper answer.

3

SEIZED PROPERTY."[5]  See Document No. 7.  In this document, McKinney now said that he was the "lawful owne[n]er of the above-described motor vehicle, on which are no liens."  Id.  Contrarily, McKinney also stated that he appeared in his capacity as  ". . . the President of the Brotherhood of Men, Inc."  Id.

McKinney filed another "MOTION OF: Return of Se[i]zed Property $159,040.00 and 2002 BMW" on June 5, 2006.  See Document No. 13.  In this third motion, McKinney moved for the return of both defendant properties and maintained, this time – and despite his prior sworn representations to the contrary – that he personally owned each of the defendant properties.  Id.  Presumably, after reading the Court's earlier opinion, McKinney was now seeking to transfer ownership of the assets into his name, in order to defend against the forfeiture of the two assets while remaining as a *pro se* litigant.

On June 15, 2006, the United States filed an Opposition collectively to the Motions to Return Seized Properties.  See Document No. 14.  On August 1, 2006, the Court denied both of Mr. McKinney's Motions for the Return of Seized Property.  See Document No. 15.  The Court found that "McKinney did not file a timely verified claim with the court and he failed to assert his interest in the seized property.  Thus, this Court must conclude that McKinney does not have standing to challenge the government's seizure of the defendant property."  Id. at 8.

On October 11, 2006, McKinney filed another "VERIFIED ANSWER TO INFORMATION AND NOTICE OF FORFEITURE AND MOTION FOR RETURN OF SEIZED PROPERTY."  See Docket Document Nos. 17 and 18.  This second answer and

---

[5]  McKinney does not assert who owns the defendant $159,040.  Further, no attorney signed this "answer" or "motion."

4

attached filing is nearly identical to the one filed on April 21, 2006.[6]  The Court previously ruled upon the issues raised therein.  See Document No. 15.

Meanwhile, the United States continued its investigation into McKinney's unlawful activities, including the activities that contributed to the forfeitability of the property in this case. On April 27, 2007, a Grand Jury sitting in this district returned a thirteen count Indictment charging McKinney with conspiracy, forged securities, mail fraud, wire fraud, theft and money laundering.[7]  See Documents 3 and 17 in Criminal No. 07-0113(RBW).  The Indictment includes a notice of the Government's intent, upon conviction, to forfeit all property involved in or constituting proceeds of McKinney's unlawful activity, including the property sued here.

Although the defendant property is subject to criminal forfeiture based on McKinney's criminal prosecution, too, the defendant vehicle is a depreciating asset and there is no good reason to delay seeking final judgment here.  No other response, answer, or defense was interposed regarding the *in rem* defendant currency and defendant vehicle in accordance with applicable rules.  No other party has filed a claim or pleading challenging the forfeiture of the defendant properties, even after publication has been completed, and the time for filing a claim has expired.  See 18 U.S.C. § 983(a)(4)(A); Rule C (6), Supplemental Rules for Certain Admiralty and Maritime Claims.

II.    **SUMMARY OF ARGUMENT**

**Neither McKinney, Nor The Brotherhood of Men, Inc., Has Standing.**

---

[6]  No attorney has signed the document.

[7]  On July 6, 2007, a Superceding Indictment was returned by the grand jury which charged the thirteen counts in the original Indictment and one additional count of wire fraud.

Civil forfeiture is an *in rem* proceeding against the property.  See United States v. All Funds in Accounts (Banco Espanol de Credito), 295 F.3d 23, 25 (D.C. Cir. 2002) ("Civil forfeiture actions are brought against property, not people.  The owner of the property may intervene to protect his interest"); United States v. One-Sixth Share, 326 F.3d 36, 40 (1st Cir. 2003) ("Because civil forfeiture is an *in rem* proceeding, the property subject to forfeiture is the defendant.  Thus defenses against the forfeiture can be brought only by third parties, who must intervene").

In order to intervene in a civil forfeiture case, a putative intervenor must establish that he or she has both so-called "statutory standing" and Article III (case-or-controversy) standing.  Statutory standing to appear in order to contest all or some portion of a civil forfeiture lawsuit requires compliance with the rules and statutes applicable to civil forfeiture cases.  See United States v. $38,000 in U.S. Currency, 816 F.2d 1538, 1543 (11th Cir. 1987).  In this matter, within the applicable statutory time-frame, McKinney represented to the Court that The Brotherhood of Men, Inc. owned the property at issue.  But that representation was undermined by his subsequent submissions – documents wherein he indicated that he owned one or both of the defendant properties, himself.

Whatever may be true, McKinney has failed to establish his or the corporation's standing to contest the forfeiture of the defendant properties.  As to statutory standing, McKinney did not file a timely verified personal claim to either of the properties.  Nor did he file a timely Answer on his behalf.  Furthermore, McKinney's sworn representations on behalf of The Brotherhood of Men, Inc., that the corporation was the owner of the defendant properties, precludes McKinney

from being able to establish that he has Article III standing to contest the forfeiture of the defendant properties.

At the same time, as the Court previously recognized, the corporation never filed a proper Answer. In addition, based on McKinney's subsequent efforts to "claim" the defendant properties as solely his, the United States asserts that The Brotherhood of Men, Inc. is a "straw" corporation for Duane McKinney. It, therefore, lacks constitutional standing, too. On this record, there is no good reason to delay final judgment in this case.

## III.  ARGUMENT

### 1.  McKinney and Brotherhood of Men, Inc. Failed to Comply with the Statutory Prerequisites Governing One's Right to Appear on Behalf of a Defendant in a Civil Forfeiture Case.

"A verified claim in a forfeiture in rem action must be filed by the claimant in order for the claimant to acquire "statutory standing." Therefore, a claimant wishing to defend all or part of a defendant property in a civil forfeiture case must satisfy Supplemental Rule C(6)'s verified claim requirement." United States v. One 1990 Mercedes Benz, 926 F. Supp. 1, 3 (D.D.C. 1996) (citations omitted).[8] In order for a claimant to have standing, "[g]enerally, strict compliance with the time periods of CAFRA and Rule C(6) is required." United States v. $41,437.00 U.S. Currency, 242 F. Supp.2d 193, 195 (W.D.N.Y. 2002), citing, United States v. Amiel, 995 F.2d

---

[8] Supplemental Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims is the new rule governing the procedural rules for civil forfeiture. Supplemental Rule G went into effect in December 2006, after this case was filed. The intent of the drafters of Rule G was to combine into one rule all of the procedural issues uniquely applicable to *in rem* civil forfeiture proceedings. But, McKinney's and the corporation's untimely or ineffective claim and answers issues exist even after enactment of Rule G, which imports similar procedural requirements. Thus, the case law describing compliance with statutory standing's procedural requirements remains instructive.

367, 371 (2d Cir. 1993). The filing of a verified claim is a prerequisite to the filing of an answer, and confers standing on a claimant to contest a forfeiture. United States v. One Dairy Farm, 918 F.2d 310, 311 (1st Cir.1990). "If a putative claimant fails to file a verified claim or otherwise follow the provisions set forth in Supplemental Rule C(6), it is within the court's discretion to strike the deficient claim." United States v. Funds from Prudential Securities et al., 300 F. Supp. 2d 99, 103 (D.D.C. 2004) (citing United States v. One 1990 Mercedes Benz 300 CE, 926 F. Supp. 1, 4 (D.D.C. 1996)).[9]

In some cases, courts have excused less than strict compliance. "At least one federal appellate court has applied the "excusable neglect" standard of Fed.R.Civ. P. 6(b)(2) to untimely claims in a civil *in rem* forfeiture action." United States v. Real Property Located at Incline Village, et al., 976 F. Supp. 1321, 1325 (D. Nev., 1997) (citing, United States v. Borromeo, 945 F.2d 750 (4th Cir. 1991); see also United States v. One 1978 Piper Navajo Aircraft, 748 F.2d 316, 318 (5th Cir. 1984). Regardless, McKinney did not request an extension of time to file the required pleadings late and cannot demonstrate any "excusable neglect" for failing to meet the statutory deadlines. Moreover, the documents he did file establish that McKinney's sworn assertions as to the ownership of, and interest in, the defendant properties are ever-shifting. Allowance of a late pleading at this juncture would contradict the purpose for the strict time

---

[9] In Prudential, the Court did not determine whether to apply a strict compliance or "liberal" approach to the standing issue, since it found that the claimant satisfied either line of precedent. Prudential, supra, 300 F. Supp. 2d at 108.

requirements of the Supplemental Rules, including the ascertainment of the interests of all third parties and any defenses asserted.[10]

Supplemental Rule C(6) requires that a claimant file a verified statement of interest or claim with the Clerk of the Court within 30 days of either service of the complaint or, if not served, with 30 days from the completed publication of notice and then an answer within 20 days after filing the claim. Supplemental Rule C(6)(a) provides:

> In an *in rem* forfeiture action for violation of a federal statute:
>
> > (I) a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right:
> >
> > > (A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or
> > >
> > > (B) within the time that the court allows.
> >
> > . . . .
> >
> > (iv) a person who assert a right of possession or any ownership interest must serve an answer within 20 days after filing the statement of interest or right.

18 U.S.C. § 983(a)(4)(A), which is part of the Civil Asset Forfeiture Reform Act ("CAFRA"), references the Supplemental Rules and similarly requires that a claimant file a claim no later than 30 days after service or publication and an answer within 20 days after filing the statement of interest.

---

[10] The verified statement of interest requires, " [a]ny party who wishes to defend a forfeiture action [will] be forced to swear to his interest in the forfeited property." United States v. Beechcraft Queen Airplane, 789 F.2d 627, 630 (8th Cir.1986) (citation omitted). The answer's purpose is to state in short and plain terms the defenses to each claim asserted and to admit or deny the averments. See Fed. R. Civ. P. 12(b).

The filing of a timely verified claim under Supplemental Rule (C)6 and 18 U.S.C. § 983 (a)(4)(A) is a jurisdictional prerequisite to a claimant's ability to contest a federal *in rem* forfeiture action. See United States v. $2,857.00, 754 F.2d 208, 213 (7th Cir. 1985). "'In order to have standing to challenge a forfeiture proceeding, a claimant must strictly comply with the pleadings requirements of Supplemental Rule C(6).'" United States v. $50,200.00 in U.S. Currency, 76 F. Supp. 2d 1247, 1253 (D. Wy. 1999) (quoting United States v. One Parcel of Real Property Located at Route 2, Box 293, Lena, Mississippi, 46 F. Supp. 2d 572, 581 (S.D.Miss. 1998)). See also United States v. $104,674.00, 17 F.3d 267, 268 (8th Cir. 1994); United States v. Currency $267,961.07, 916 F.2d 1104, 1108 (6th Cir. 1990); United States v. One Dairy Farm, 918 F. 2d 310, 311 (1st Cir. 1990); United States v. $38,000.00 in U.S. Currency, 816 F.2d 1538, 1547 (11th Cir. 1987) ("Courts consistently have required claimants to follow the language of the Supplemental Rules to the letter"); and United States v. One 1982 Jaguar XJ-6, 686 F. Supp. 364, 367, (D.Mass. 1988) ("[T]he current and apparently uniform stance taken by the federal judiciary is that Rule C(6) is to be applied strictly in forfeiture proceedings, subject to a few exceptions.") The failure to file a timely claim, standing alone, is sufficient to disqualify a potential claimant. United States v. One-Sixth Share of James J. Bulger in [Lottery Proceeds], 326 F.3d 36, 41-42 (1st Cir. 2003).

In his individual capacity, McKinney failed to file any verified claim or statement of interest timely or otherwise with the Court. As a result, pursuant to Rule C(6), he now lacks standing to assert an interest in the defendant properties which is fatal to any effort of his to contest their forfeiture.

The Brotherhood of Men, Inc. also lacks statutory standing.  On February 6, 2006, McKinney filed a sworn Petition for Remission on behalf of The Brotherhood of Men, Inc.  See Document No. 4.  While the document itself is not labeled as a verified statement of interest, it might be deemed to qualify as a verified statement of interest because it was made under oath and asserted the corporation's ownership of the defendant properties.  The Court, however, previously found that McKinney could not proceed *pro se* on behalf of The Brotherhood of Men, Inc. because "corporations may only appear in federal court through the representation of licensed attorneys."  See Document No. 6 at 2.  Therefore, assuming that even if the corporation made a claim by a corporate officer, The Brotherhood of Men, Inc., never followed-up with a proper Answer on its behalf.  Indeed, McKinney instead, tried to change course.

The government complied with its statutory notice obligations by executing process against the defendant currency and vehicle, sending notice by certified mail to all persons known to have a potential interest therein, and publishing notice.  United States v. Real Property Located at Incline Village, 976 F. Supp. 1321, 1325 (D.Nev. 1997).  Specifically, on December 15, 2005 the United States filed a Verified Complaint for Forfeiture *In Rem* against the defendant $159,040.00 in U.S. Currency and One 2002 BMW 745 LI Sedan in the United States District Court for the District of Columbia.  See Document No. 1.  The Clerk of the Court issued an Arrest Warrant *in rem* for the defendant properties and they were executed.  See Document Nos. 1 and 2.  The United States sent direct notice to McKinney and his then attorney via the United States Postal Service, certified mail (the papers sent to McKinney were returned as "refused;" the receipt for the papers to McKinney's attorney showed that it was signed for.)  See Exhibit Nos. A and B.  A notice of seizure regarding the defendant properties was published in THE DAILY

WASHINGTON LAW REPORTER and THE WASHINGTON TIMES on February 2, 2006, in full compliance with applicable Local Rules and Rules of Procedure.  See Exhibit No. C.  Individually, McKinney never filed a verified statement of interest or a timely answer with the Court.  As the Court previously found, McKinney lacks standing to contest the forfeiture.  See Document No. 15 at 8.

Neither McKinney nor The Brotherhood of Men, Inc. filed a timely verified Answer regarding the defendant properties.  Rule C(6) and 18 U.S.C. § 983(a)(4)(A) require that a verified answer be filed within 20 days of the filing of a verified statement of interest.  Here, on April 21, 2006, McKinney filed a Verified Answer to Information and Notice of Forfeiture and Motion for Return of Seized Property.[11]  See Docket Document No. 7.  As the Court noted, it is unclear whether this filing was made on behalf of McKinney individually or The Brotherhood of Men, Inc.  See Docket Document 15 at 2.  But, regardless of whose "answer" it purports to be, it was untimely.  Assuming that the Petition for Remission qualified as a verified statement of interest, an answer was due within twenty days--by February 26, 2006.  See Rule C(6) and 18 U.S.C. § 983(a)(4)(A).  The Answer McKinney filed was submitted almost two months after it was due, and was submitted by an individual who lacked authority to represent the corporation in legal proceedings in this Court.  Thus, neither McKinney nor the corporation met the statutory deadlines.  Neither has statutory standing. The Answer, therefore, should be stricken.

    **2.**     **Even if McKinney or The Brotherhood of Men, Inc. Had Filed a Timely Verified Claim and an Answer, These Putative Claimants Lack Article III Standing.**

---

[11] McKinney filed the same filing again on October 11, 2006.  See Document No. 17.

In addition to the issue of statutory standing, which is peculiar to civil forfeiture cases, and requires only a timely sworn representation by a putative litigant, whether a claimant has constitutional standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). Courts lack jurisdiction to consider the claims of those who may have filed timely verified statements of interest but nonetheless lack constitutional (case-or-controversy) standing. See United States v. Five Hundred Thousand Dollars, 730 F.2d 1437, 1439 (11th Cir. 1984) (*per curiam*). To establish constitutional standing in a forfeiture case under Article III of the Constitution, a claimant bears the burden to demonstrate a facially colorable interest in the property sufficient to satisfy the case-or-controversy requirement. See Tarsney v. O'Keefe, 225 F.3d 929, 934 (8th Cir. 2000); United States v. U.S. Currency, $81,000.00, 189 F.3d 28, 35 (1st Cir. 1999); United States v. Contents of Accounts (Friko Corporation), 971 F.2d 974, 985 (3d Cir. 1992). In determining whether a claimant has met his or her burden to show standing, courts have considered a claimant's prior statements, for example, those denying ownership. See e.g. United States v. Derenak, 27 F. Supp. 2d 1300, 1302 (M.D. Fla. 1998) (defendant's prior statement – that seized cash belonged to co-defendant – sufficient to negate constitutional standing to contest forfeiture).

In his initial Petition for Remission or Mitigation of Forfeiture, McKinney submitted a sworn statement, apparently on behalf of The Brotherhood of Men, Inc., stating that "[t]he assets seized are the sole property of Brotherhood of Men, Inc." See Docket Document No. 4. McKinney's initial sworn statement, made under penalty of perjury, contradicts his later attempt to claim ownership of the defendant properties individually. Thus, McKinney, individually, has no standing under Article III to contest the forfeiture.

McKinney's initial sworn statement might suffice to establish the corporation's Article III standing in this case. But, as is apparent from McKinney's conduct in this litigation, The Brotherhood of Men, Inc. is simply a nominal or "straw" owner of the defendant properties for McKinney. Courts reject, on constitutional standing grounds, claims by nominal or "straw" owners. See United States v. Contents of Accounts (Fricko), supra, 971 F. 2d at 985-86 (in civil forfeiture action, corporation did not have standing to contest forfeiture of accounts in corporation's name because corporation was simply a "straw" to individual owner); United States v. One Parcel of Real Estate Commonly Known as 2030 East Monroe Street, Springfield, Illinois, 884 F. Supp. 1218 (C.D. Ill. 1995) (mother found to be "straw" owner of real property for son). Indicia of a "straw" owner is lack of possession of property and no exercise of dominion and control over the property. See United States v. Totaro, 345 F.3d 989, 995 (8th Cir. 2003) (citing United States v. One 1990 Chevrolet Corvette, 37 F.3d 421, 422 (8th Cir.1994)); United States v. One 1945 Douglas C-54 (DC-4) Aircraft, 604 F.2d 27, 29 (8th Cir.1979); United States v. One 1971 Porsche, 364 F. Supp. 745, 748 (E.D. Pa.1973).

Even if the Court were to conclude that the corporation filed a timely verified statement of interest and the corporation's failure to file a timely answer through an attorney was excused, the government submits that the corporation lacks constitutional standing on the facts, including facts submitted by McKinney. As the Verified Complaint sets forth, all activities of The Brotherhood of Men, Inc. were McKinney's actions. See Document No. 1. There is no evidence that the corporation was separate from McKinney. As the Court previously noted, "nowhere in the [claimant's] papers is there provided a business location or legitimate mailing address for The Brotherhood." See Document 15 at 6. The documents provided by McKinney show that the

14

corporation's bank records went to an address that McKinney listed in pleadings as his own. See Document Nos. 7 and 16. The Court previously noted that, "despite McKinney's efforts to provide this Court with proof that The Brotherhood is a viable entity, he is unable to provide any proof that the organization is not simply a shell for the unlawful activities alleged by the government in its Complaint." See Document No. 15 at 7. Because the corporation appears to be a "straw" corporation for the activities of McKinney, the corporation lacks Article III standing even if it had perfected its right to defend against the forfeiture by filing a timely and proper Answer to the Complaint, which it never did.

## IV.    CONCLUSION

McKinney and The Brotherhood of Men, Inc. lack statutory and Article III standing to contest the forfeiture of the defendant properties. Therefore, the Answer filed by McKinney should be stricken. The Court previously ruled on the issues raised in McKinney's October 11, 2006 motion to return property and to the extent that it is still outstanding, it should be denied. Furthermore, pursuant to Fed. R. Civ. P. 55, since no other timely pleading or claim has been filed on behalf of the defendant properties, the United States is entitled to default judgement and judgement of forfeiture against the defendant properties.

WHEREFORE, for the foregoing reasons, the United States moves the Court to strike the Answers filed in this matter, to deny McKinney's October 11, 2006 return of property, to enter a default judgment for the United States and issue and Order of Forfeiture against the defendant properties. A proposed Order is attached.

                                                Respectfully submitted,

/s/
JEFFREY A. TAYLOR (D.C. Bar #498610)
United States Attorney

/s/
WILLIAM R. COWDEN (D.C. Bar #426301)
Assistant United States Attorney

/s/
DIANE G. LUCAS (D.C. Bar #443610)
Assistant United States Attorney
United States Attorney's Office
Asset Forfeiture Unit, Criminal Division
555 4th Street, N.W., Room 4822
Washington, D.C. 20530
(202) 514-7912