## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ONE HUNDRED FIFTY-NINE THOUSAND ) <br> AND FORTY DOLLARS ($159,040.00) IN ) <br> UNITED STATES CURRENCY, ) <br> ) <br> and ) <br> ) <br> ONE 2002 BMW 745 LI SEDAN, ) <br> VIN: WBAGN63452DR02119 ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 05-2404 (RBW) |

## ORDER

On December 15, 2005, the United States filed a Verified Complaint for Forfeiture *In Rem* against two defendant properties: (1) one hundred fifty-nine thousand and forty dollars ($159,040.00) in United States currency; and (2) One 2002 BMW 745 LI Sedan. In the Complaint, the United States alleged that the defendant properties constituted or were derived from proceeds traceable to a "specified unlawful activity" and/or were involved in money laundering, and are, therefore, subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C).

It appearing that process was fully issued in this action with respect to the defendant currency and defendant vehicle according to law;

That pursuant to a Warrant of Arrest *In Rem* issued by this Court, the United States Marshal for the District served the said defendant properties on December 20, 2005;

That Duane McKinney did not file the requisite verified claim within the time permitted by 18 U.S.C. § 983(a)(4)(A) and Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and, therefore, he lacks statutory standing to challenge the forfeiture of either of the defendant properties;

That the Brotherhood of Men, Inc. did not file the requisite answer within the time permitted by 18 U.S.C. § 983(a)(4)(A) and Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and, therefore, it also lacks statutory standing to challenge the forfeiture of either of the defendant properties;

That, based on Duane McKinney's initial sworn statements, wherein he asserted that a corporation, The Brotherhood of Men, Inc., owned the defendant properties, Duane McKinney cannot properly maintain, thereafter, that he owns the defendant properties and, therefore, he also lacks standing under Article III of the United States Constitution to challenge the forfeiture of either of the defendant properties (even if he had filed a timely claim on his own behalf, which he did not);

That the corporation, The Brotherhood of Men, Inc., also lacks constitutional (Article III) standing because it is apparent from Mr. McKinney's subsequent filings that he was using the corporation as a method for maintaining nominal ownership of the defendant properties;

That no other person or entity has filed a timely verified claim and answer challenging the forfeiture of the defendant funds and vehicle and the time for filing claims has expired;

That the Verified Complaint supports the requested forfeiture; and

That no defense to the forfeiture remains interposed.

Now, therefore, on motion of the plaintiff, the United States of America, for a Default

Judgment and Judgment of Forfeiture against the *in rem* defendant currency and vehicle, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Claim filed by Duane McKinney on February 6, 2006, on behalf of the Brotherhood of Men, Inc., and the Answers filed by Dwayne McKinney, on April 21, 2006 and again on October 11, 2006, are hereby stricken and, for the same reasons that each of Duane McKinney's first three motions for return of property were denied, his October 11, 2006 Motion for Return of Property is also denied.

**IT IS FURTHER ORDERED** that the default of all persons interested in the *in rem* defendant currency and vehicle further identified as:

> **ONE HUNDRED FIFTY-NINE THOUSAND AND FORTY DOLLARS ($159,040.00) IN UNITED STATES CURRENCY**
>
> **ONE 2002 BMW 745 LI SEDAN, VIN: WBAGN63452DR02119**

be entered and that no right, title, or interest in the above described defendant properties shall exist in any other party, and that the said defendant currency and vehicle be and hereby are forfeited to the United States of America to be disposed of in accordance with law.

The Clerk is hereby directed to send copies of this Judgment of Forfeiture against the *in rem* defendant currency and vehicle to the below-listed persons and a certified copy to the United States Marshals Service.

Dated this _____ day of _____, 2007.

_____
REGGIE B. WALTON
United States District Judge

cc:

Diane G. Lucas
Assistant United States Attorney
United States Attorney's Office
Asset Forfeiture Unit, Criminal Division
555 Fourth Street, N.W., Room 4822
Washington, D.C. 20530

Mr. Duane McKinney, *Pro se*
1610 R Street SE, Apartment #3
Washington, DC 20020

Howard B. Katzoff, Esq.
717 D Street, N.W. Suite 310
Washington, D.C. 20004