UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2404 (RBW) |
| ) | ECF |
| ONE HUNDRED FIFTY-NINE THOUSAND ) | |
| AND FORTY DOLLARS ($159,040.00) IN ) | |
| UNITED STATES CURRENCY, ) | |
| ) | |
| and ) | |
| ) | |
| ONE 2002 BMW 745 LI SEDAN, ) | |
| VIN: WBAGN63452DR02119, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY TO OPPOSITION TO GOVERNMENT'S MOTION TO
STRIKE ANSWER AND FOR ENTRY OF A DEFAULT
JUDGMENT AND JUDGMENT OF FORFEITURE AGAINST THE
*IN REM* DEFENDANT PROPERTIES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully replies to the Opposition filed in response to the Government's Motion to Strike Answer and for Entry of Default Judgment and Judgment of Forfeiture against the In Rem Defendant Properties. In support of said reply, the government states the following:

1. On August 8, 2007, Duane McKinney ("McKinney") filed *pro se* an "Opposition Motion for Entry of a Default Judgment and Judgment of Forfeiture" claiming that he, in his individual capacity, was the lawful owner of the defendant vehicle and defendant U.S. currency.[1]

---

[1] This assertion is in conflict with McKinney's earlier sworn statement that The Brotherhood of Men, Inc. was the sole owner of the defendant properties. See Document No. 4.

See Opposition at ¶s 1 and 3.

    2.  No opposition to the government's motion was filed on behalf of The Brotherhood of Men, Inc.

    3.  McKinney asserts in his opposition that he filed a "verified answer within 30 days.  I filed 7 days after I was property served.[2]"  See Opposition at ¶ 6.  McKinney, however, does not allege that he filed a timely verified claim as required by 18 U.S.C. § 983(a)(4) and Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

    3.  This Court previously concluded that individually McKinney did not have standing to challenge the forfeiture of the defendant properties.  Indeed, the Court wrote in its August 1, 2006 Order,

> However, McKinney did not file an answer to the Verified Complaint until April 21, 2006, approximately two months after he statutory deadline to file an answer.  18 U.S.C. § 983(a)(4)(B).  Furthermore, the claim initially filed in this Court by McKinney asserted that the seized property belonged to The Brotherhood rather than himself.  Claimant's Pet. at 1.  Therefore, McKinney did not file a timely verified claim with the court and he failed to assert his interest in the seized property.  **Thus, this Court must conclude that McKinney does not have standing to challenge the government's seizure of the defendant property**.  See United States v. $1,437.00 U.S. Currency, 242 F. Supp. 193, 196 (W.D. N.Y. 2002)(holding that the claimants "fail[ure] to file a verified claim and answer within the time period specified in [18 U.S.C. § 983(a)(4)] and rule C(6) of the Supplemental Rules" precluded recover of seized funds). (Emphasis added.)

---

  [2]  This assertion is not accurate.  McKinney filed his first Answer on April 21, 2006, well beyond the thirty days.  See Document No. 7.  Indeed, while the defendant refused service of the complaint on January 25, 2006, a copy was accepted by his lawyer's office.  See Exhibits A and B attached to motion.  Moreover, notice was published on February 2, 2006.  See Exhibit C attached to motion.  It is clear McKinney had notice as of February 6, 2006, when he filed the Petition for Remission or Mitigation of Forfeiture along with a Motion for Return of Seized Property.  See Document No. 4.  The fact that the government later sent another copy of the complaint along with documents from other cases does not change the analysis.  See attached letter to McKinney's Opposition.

See Document 15 at p. 8.

  4.  Nothing McKinney alleges in his Opposition changes his failure to individually file a verified claim or statement of interest timely or otherwise with the Court.  As a result, he now lacks standing to assert an interest in the defendant properties which is fatal to any effort of his to contest their forfeiture.

  5.  As set forth in the government's motion, McKinney and The Brotherhood of Men, Inc. lack statutory and Article III standing to contest the forfeiture of the defendant properties.  Therefore, the Answers filed by McKinney should be stricken.  The Court previously ruled on the issues raised in McKinney's October 11, 2006 motion to return property and to the extent that it is still outstanding, it should be denied.  Furthermore, pursuant to Fed. R. Civ. P. 55, since no other timely pleading or claim has been filed on behalf of the defendant properties, the United States is entitled to default judgement and judgement of forfeiture against the defendant properties.

  WHEREFORE, for the foregoing reasons, the United States moves the Court to strike the Answers filed in this matter, to deny McKinney's October 11, 2006 return of property, to enter a default judgment for the United States and issue and Order of Forfeiture against the defendant properties.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR (D.C. Bar #498610)
United States Attorney

/s/
WILLIAM R. COWDEN (D.C. Bar #426301)
Assistant United States Attorney

/s/
DIANE G. LUCAS (D.C. Bar #443610)
Assistant United States Attorney
United States Attorney's Office
Asset Forfeiture Unit, Criminal Division
555 4th Street, N.W., Room 4822
Washington, D.C. 20530
(202) 514-7912

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Reply to Opposition to Government's Motion to Strike Answer and for Entry of a Default Judgment and Judgment of Forfeiture against the *In Rem* Defendant Properties was sent by U.S. Postal Service, certified mail, to Mr. Duane McKinney, *Pro se,* 1610 R Street SE, #3, Washington, DC 20020 and 1035 10th Street NE, Washington, DC 20002 and to his criminal defense attorney, Gary M. Sidell, Esq., 1101 Connecticut Avenue NW, Suite 1000, Washington, D.C. 20036 on this   14th   day of August, 2007.

/s/
DIANE G. LUCAS
Assistant United States Attorney