UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                )<br>             Plaintiff,                                    )<br>                                                                )<br>        v.                                                    )<br>                                                                )<br>ONE HUNDRED FIFTY-NINE THOUSAND  )<br>AND FORTY DOLLARS ($159,040.00) IN  )<br>UNITED STATES CURRENCY,                  )<br>                                                                )<br>        and                                                  )<br>                                                                )<br>ONE 2002 BMW 745 LI SEDAN,             )<br>VIN: WBAGN63452DR02119,                  )<br>                                                                )<br>             Defendants.                                )<br>_____)   | Civil Action No. 05-2404 (RBW) |

**PLAINTIFF'S OPPOSITION TO MOTION FOR RETURN OF
ILLEGALLY SEIZED CAR AND U.S. CURRENCY**

Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia respectfully opposes the fifth motion by Duane McKinney ("McKinney") for return of the defendant properties. In support of said opposition the United States asserts the following:

1. In this case, the United States has brought a civil action *in rem* for forfeiture against the defendant U.S. currency and vehicle. McKinney has sought to enter the case as a claimant. While doing so, McKinney has repeatedly moved for the properties' return. This Court already has denied previous motions from McKinney for the return of the defendant properties.[1] In fact,

---

[1] This is McKinney's fifth motion for the return of the defendant properties. On February 6, 2006, McKinney filed his first motion for return of the defendant properties. See Document No. 4. On April 10, 2006, the Court denied that motion. See Document 6. On April 21, 2006, McKinney filed an answer along with a second motion to return the defendant properties. See Document No. 7. On June 5, 2006, before the Court ruled on the second motion

the Court has found that McKinney has no individual standing to contest the forfeiture of the defendant properties. The Court found that "McKinney did not file a timely verified claim with the court and he failed to assert his interest in the seized property. Thus, this Court must conclude that McKinney does not have standing to challenge the government's seizure of the defendant property." See Document No. 15 at 8. Given this ruling, McKinney's fifth motion lacks merit.

2. As a result of McKinney's lack of standing, the United States filed a Motion to Strike the Answer and for Entry of Default Judgment and Judgment of Forfeiture. See Document No. 20. In that motion, the United States argued that neither McKinney nor The Brotherhood of Men, Inc., has standing to contest the defendant properties' forfeiture; and that the United States is entitled to default judgment because no other individual has filed a timely verified claim and answer. That pending motion should be ruled upon before the Court even considers a fifth return motion from McKinney.[2]

3. The procedures set forth in 18 U.S.C. § 983 are the exclusive means by which property

---

McKinney filed a third motion for the return of the defendant properties. See Document No. 13. On August 1, 2006, the Court denied both motions. See Document No. 15. On October 11, 2006, McKinney filed another answer and motion for the return of the defendant properties that was nearly identical to his April 21, 2006 filing. See Document Nos. 17-18.

[2] Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims is a new rule that consolidated the procedures governing civil forfeiture actions. Specifically, Rule G(8)(c)(ii)(A) states that a motion to strike a claim or answer based on a claimant's lack of standing "must be decided before any motion by the claimant to dismiss the action . . . " Although McKinney did not move to dismiss the case, granting McKinney's request to return the defendant properties would be tantamount to a dismissal. In any event, a decision by the Court granting the Motion to Strike the Answer and for Entry of Default Judgment and Judgment of Forfeiture would render McKinney's fifth motion for the return of the defendant properties moot as well as redundant.

2

seized for forfeiture may be returned pretrial to a claimant.[3] Otherwise, a claimant only may obtain the property by defending the civil forfeiture procedure. See 18 U.S.C. § 983(a)(4)(A); see also Rule C(6) and G(5), Supplemental Rules of Certain Admiralty and Maritime Claims. Regarding McKinney's previous motions, the Court found, " . . . denial of the motion was also proper because there was no indication that McKinney had complied with the procedures set forth in 18 U.S.C. § 983 regarding the return of the property." See Document 15 at p. 2. Nothing has changed since that ruling except that McKinney has filed essentially the same motion yet again.

4. Because McKinney failed to show that he was entitled to the return of the defendant properties pursuant to 18 U.S.C. § 983(f), the Court further considered whether the seized

---

[3] Under 18 U.S.C. § 983(f) a claimant may obtain the release of seized property if,

(1) A claimant . . . is entitled to immediate release of seized property if –

(A) the claimant has a possessory interest in the property;

(B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

(C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

(D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceedings; and

(E) none of the conditions set forth in paragraph (8) applies.

18 U.S.C. § 983(f)(1).

currency should be returned pursuant to 18 U.S.C. § 983(f)(A)(8). "Under this exception, a claimant may only petition for the return of seized currency if it 'constitutes the assets of a legitimate business which has been seized.'" Id. at p. 5. But, McKinney now claims that he individually owns the defendant currency, so it could not be an asset of a legitimate business. Thus, the exception in 18 U.S.C. § 983(f)(A)(8) does not apply. In addition, McKinney provides no additional information in his current motion that would satisfy the requirements of 18 U.S.C. § 983(f), nor does he argue that issue. Indeed, McKinney fails to cite any legal authority for the return of the defendant properties whatsoever.[4]

5. Ultimately, McKinney's newest filing actually underscores the government's position. McKinney's fifth motion states that he did not acquire an individual interest in the defendant properties until after they were seized by law enforcement, "I Duane McKinney have been granted all rights to these funds by The Brotherhood of Men Inc. on June 12, 2005." See Motion at p. 2. The defendant properties were seized by law enforcement on June 10, 2005. Id. Therefore, according to McKinney's newest statement, he had no interest in the defendant properties until after they were seized.

6. Assuming *arguendo* that McKinney has standing, in order to defeat the civil forfeiture of the defendant properties he would have to prove by a preponderance of the evidence that he was an after acquired "innocent owner" pursuant to 18 U.S.C. § 983(d)(3)(A). McKinney cannot succeed in that endeavor. 18 U.S.C. § 983(d)(3)(A) states:

(3)(A) With respect to a property interest acquired after the conduct giving rise to

---

[4] McKinney cites to the Fourth Amendment of the Constitution, however, this citation referred to his initial traffic stop rather than the return of seized property. See Document No. 24 at 3.

>   the forfeiture has taken place, the term "innocent owner" means a person who, at the time that the person acquired the interest in the property –
>
>> (I) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and
>>
>> (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

McKinney cannot meet the first prong of the after acquired "innocent owner" affirmative defense because he did not give The Brotherhood of Men, Inc., anything of value in exchange for the defendant properties. Moreover, McKinney cannot meet the second prong of the defense because he had knowledge that the defendant properties were seized because he was present when the seizure occurred. Thus, McKinney's statement that he only acquired the defendant properties after their seizure precludes him from defending their forfeiture successfully.[5]

WHEREFORE, for the forgoing reasons, the United States respectfully requests that the Court deny McKinney's motion. A proposed Order is submitted herewith.

---

[5] As part of its opposition to the instant motion, the government incorporates as if fully rewritten herein, its prior oppositions to defendant's motions for return of the defendant properties and its Motion to Strike Answer. See Document Nos. 5, 14 and 20. Because the Court has previously denied McKinney's requests to return the defendant properties, the government has not fully briefed its arguments herein. In the event the Court requires full briefing on the issues raised in the instant motion, the government requests that it be given an opportunity upon the Court's instruction.

Respectfully submitted,

/s/ _____
JEFFERY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/ _____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney

/s/ _____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7912

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Opposition to Motion For Return of Illegally Seized Car and U.S. Currency and Proposed Order were sent by U.S. Postal Service, certified mail, to Mr. Duane McKinney, *Pro se,* 1610 R Street SE, #3, Washington, DC 20020 and to his criminal defense attorney, Gary Sidell, Esq., 101 Connecticut Avenue NW, Suite 1000, Washington, D.C. 20036 on this 31st day of August, 2007.

/s/ _____
DIANE G. LUCAS
Assistant United States Attorney