UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONE HUNDRED FIFTY-NINE )<br>THOUSAND AND FORTY DOLLARS )<br>($159,040.00) IN UNITED STATES )<br>CURRENCY, et al. )<br>Defendants. )<br>_____) | Civil Action No.  05-2404 (RBW) |

**MEMORANDUM OPINION**

On December 15, 2005, the United States filed a Verified Complaint For Forfeiture In Rem ("Compl.") pursuant to 18 U.S.C §§ 981(a)(1)(A) and (C) (2000). Compl. ¶ 1.  The complaint alleged that the defendant properties – $159,040.00 in United States currency and a 2002 BMW 745 LI sedan, VIN: WBAGN63452DR02119 – were involved in money laundering and constitute or were derived from proceeds traceable to "a specified unlawful activity" proscribed by "the federal anti-money laundering statutes." Id. ¶¶ 1-4.  A Warrant for Arrest In Rem was issued on December 15, 2005, and the properties were subsequently seized by the United States.  On February 1, 2006, Duane McKinney ("McKinney") filed a Petition for Remission or Mitigation of Forfeiture ("Claimant's Pet."), in which he declared under penalty of perjury that the defendant properties belonged to a non-profit organization registered in the District of Columbia called The Brotherhood of Men, Inc. ("The Brotherhood"), of which McKinney is the President.  McKinney Pet. at 1.  On February 6, 2006, McKinney filed a Motion for the Return of the Seized Property pursuant to 18 U.S.C.

§ 983 (2000) ("Pet.'s First Motion"), apparently acting in his capacity as president of The Brotherhood, but describing himself as owner of the seized property. Pet.'s First Mot. at 1. The government responded by filing an Opposition to Petition for Release of Seized Property ("Pl.'s First Opp'n"), contending that McKinney was "not a proper claimant, and, therefore, is without standing to bring th[e] request." Pl.'s First Opp'n at 4.

In response to the above filings, this Court denied McKinney's motion filed on behalf of The Brotherhood on the grounds that McKinney is not an attorney and corporations may only appear in federal court through the representation of licensed attorneys. United States v. $159,040.00 In U.S. Currency, No. 05-2404 (RBW) (D.D.C. April 10, 2006) (order denying Motion for the Return of Seized Property) (citing Flynn v. Thibodeaux Masonry, Inc., 311 F. Supp. 2d 30, 37 (D.D.C. 2004)). The Court also noted that denial of the motion was also warranted because there was no indication that McKinney had complied with the procedures set forth in 18 U.S.C. § 983 for the return of seized property. Id. at 2 n.1

On April 21, 2006, McKinney filed a Verified Answer to Information and Notice of Forfeiture and Motion for Return of Seized Property ("Pet.'s Second Mot."), but it was unclear on whose behalf, that of The Brotherhood or McKinney alone, it was filed. The introductory paragraph asserted that McKinney was responding on behalf of The Brotherhood as its President and also on behalf of himself. Pet.'s Second Mot. at 1. However, the body of the motion asserts that McKinney himself is the owner of the seized property and he requests in the last paragraph of his motion that the Court direct that the currency and motor vehicle be returned to his possession. see id. ¶ 1 (claiming McKinney is the lawful owner of the seized motor vehicle); id. at 2 (requesting that the currency and

motor vehicle be returned to his possession). On June 5, 2006, McKinney filed another motion, Motion of: Return of Seized Property $159,040.00 and 2002 BMW ("Pet.'s Third Mot."), for the return of the seized property. The Brotherhood was not mentioned in this motion so it appeared to have been filed solely on McKinney's own behalf. Pet.'s Third Mot. at 1-2. That motion asserted that the seized property was not the product of any crimes committed by McKinney but was derived from lawful business activities. Id. ¶ 2, 4. McKinney further asserted that he attempted to regain possession by a direct meeting with the government.[1] Id. In a combined response to McKinney's two motions, the government argued that McKinney did not have standing to seek acquisition of the property.

In resolving the above filings, this Court denied McKinney's motions on the grounds that (1) his claim for the return of the seized currency did not satisfy the requirements under 18 U.S.C. § 983(f)(1), and (2) in regard to both the currency and motor vehicle, McKinney failed to satisfy the requirements of 18 U.S.C. §983(f)(1)(B) and he did not file an answer to the Verified Complaint asserting his interest in the seized property until two months after the statutory deadline for asserting a claim. United States v. $159,040.00 In U.S. Currency, No. 05-2404 (RBW) (D.D.C. Aug. 1, 2006) (order denying Motions for the Return of Seized Property).

Currently before this Court is McKinney's fourth motion for Return of Property

---

[1] Although the plaintiff alleges that he provided numerous attachments relating to business transactions for The Brotherhood, such attachments were not filed with his third motion. However, it appears that he is relying on the attachments that were filed on April 20, 2006, with his second motion for the return of property. Pet.'s Second Mot., Attachments. The attachments included, but are not limited to, the articles of incorporation for The Brotherhood, transactions from The Brotherhood's corporate bank account, as well as settlement statements, business contracts, and receipts purporting to reflect payment to McKinney in return for services rendered. Id.

3

("Pet.'s Fourth Motion"), filed on October 11, 2006.  This motion is virtually identical to the positions McKinney advanced in his second and third motions, which this Court addressed in its August 1, 2006, order.  The primary difference between this motion and the earlier ones is the assertion in paragraph one that he is the lawful owner of the "above described U.S. currency," Pet.'s Fourth Motion, whereas the third motion claimed his lawful ownership of the "above described motor vehicle" in the corresponding paragraph, Pet.'s Third Motion.  Also, the fourth motion removes the seized motor vehicle from the assertion that the property is not associated in any way with any crime.  See Pet.'s Fourth Motion.  These changes, however, are not substantive because paragraph four of the fourth motion addresses both the currency and the vehicle, which suggests McKinney is seeking the return of both items.  Id. at 1.

In the August 1, 2006 order, this Court held that McKinney did not satisfy either of two "avenues" under 18 U.S.C. § 983 that a person may take to gain the release of property seized in an in rem proceeding.  United States v. $159,040.00 In U.S. Currency, No. 05-2404 (RBW) (D.D.C. Aug. 1, 2006).  First, the Court held that the claimant was not entitled to immediate release of seized property under 18 U.S.C. § 983(f)(1) because two of the five requirements of the statute were not satisfied.  Id. at 6-7.  The Court reasoned that (1) McKinney did not have enough "ties to the community to provide assurance that the property will be available at the time of the trial" as required by section 983(f)(1)(B), id. at 6-7, and (2) as to the currency, it could not be returned because McKinney had not provided evidence refuting the government's allegation of its association with illegitimate business activities, which is a prerequisite for satisfying § 983(f)(1)(E), id. at 5-6.  Second, the Court

ruled in its August 1, 2006 order that McKinney was not entitled to the return of the seized property under 18 U.S.C. §983(a)(4)(A). Id. 7-8. Under this section, the claimant of seized property "shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim." 18 U.S.C. § 983(a)(4)(B). McKinney, however, did not file an answer until April 21, 2006, approximately two months after the statutory deadline for filing a claim expired. See id.; United States v. $159,040.00 In U.S. Currency, No. 05-2404 (RBW) (D.D.C. Aug. 1, 2006). Accordingly, the Court concluded McKinney did not have "statutory standing" to challenge the government's seizure of the defendant property because he neither filed a timely verified claim nor an answer to the government's complaint. United States v. $159,040.00 In U.S. Currency, at 8. Since McKinney's current motion advances the identical positions raised in his previous motions and those positions have already been addressed and rejected by the Court, McKinney's motion is again denied. Accordingly, upon consideration of the pleadings and the Court's previous rulings, it is hereby

**ORDERED** that the claimant's Motion for the Return of Seized Property is **DENIED**.[2]

**SO ORDERED**.

_____
Reggie B. Walton
United States District Judge

---

[2] The Court advises McKinney that any additional motions for the return of the property filed prior to the resolution of the underlying criminal litigation will not be accepted for filing.